UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Ralph Dixon (#R-68485),

    Plaintiff,

v.

Pamela McGuire, et al.,

    Defendants.

No. 10 C 5674

Hon. William J. Hibbler

## MEMORANDUM OPINION AND ORDER

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Clerk of the Will County Circuit Court and an Illinois Appellate Defender, violated the plaintiff's constitutional rights by denying him due process and by interfering with his access to the courts. More specifically, the plaintiff alleges that the court clerk deliberately falsified the court's docket and destroyed or withheld important evidence in the plaintiff's criminal case. The plaintiff further alleges that his appellate defender conspired with the court clerk and condoned her actions. This matter is before the court for ruling on the defendants' motions to dismiss the complaint for failure to state a claim. For the reasons stated in this order, the motions are granted.

## STANDARD OF REVIEW

It is well established that *pro se* complaints are to be liberally construed. *Kaba v. Stepp*, 458 F.3d 678, 681, 687 (7th Cir. 2006). *Pro se* submissions are held to a less stringent standard than formal pleadings drafted by lawyers. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of

the claim showing that the pleader is entitled to relief," in order to " 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To satisfy the notice pleading requirements of Fed. R. Civ. P. 8(a)(2), the plaintiff must only state his basic legal claim and provide "some indication . . . of time and place." *Thompson v. Washington*, 362 F.3d 969, 971 (7th Cir. 2004). While a complaint challenged by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp.*, 550 U.S. at 555 (citations omitted).

In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court assumes all factual allegations in the complaint to be true, viewing all facts–as well as any inferences reasonably drawn therefrom–in the light most favorable to the plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010); *Bell Atlantic Corp.*, 550 U.S. at 563 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). A well-pleaded complaint may proceed even if it appears "that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp.*, 550 U.S. at 556. Nevertheless, the factual allegations in the complaint must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

## FACTS

The plaintiff, Ralph Dixon, is a state prisoner. Defendant Pamela McGuire is the Clerk of the Will County 12th Judicial Circuit Court, located in Joliet, Illinois. Defendant Kerry Bryson is an Assistant Illinois State Appellate Defender.

The plaintiff alleges the following facts, which will be assumed true for purposes of the motion to dismiss [the court has gleaned additional information from the docket in the plaintiff's criminal proceedings, as well as an unpublished Order of the Illinois Appellate Court (*see* Defendant McGuire's Exhibit 2 to her Motion to Dismiss)]:[1]

On April 6, 2006, a jury convicted the plaintiff of aggravated criminal sexual assault and criminal sexual abuse. The trial court sentenced the plaintiff to serve consecutive sentences but reserved the issue of fines, costs, and assessments pending a hearing on the plaintiff's motion to reconsider his sentence.

On March 14, 2008, the trial court denied the plaintiff's motion for reconsideration. In addition, the trial court verbally directed the clerk to "show judgment is taken for costs." Later, the trial court signed a written judgment that modified the sentence to include a $25,000 fine. The Clerk of Court's minute entry reflected the modified sentence.

The plaintiff takes issue with the docket entry, contending that McGuire or one of her subordinates "altered" the court docket. The plaintiff maintains that the docket entry contained two essential errors: (1) the docket entry reflected a conviction for aggravated criminal sexual assault when the plaintiff had not, in fact, been convicted of that offense; and (2) the docket entry incorrectly stated that a fine of $25,000 had been imposed on the plaintiff.

---

[1] In ruling on a 12(b)(6) motion to dismiss, the court may take judicial notice of matters of public record. *Cancer Found., Inc. v. Cerberus Capital Mgmt.*, 559 F.3d 671, 675, n.2 (7th Cir. 2009); *see also Anderson v. Simon*, 217 F.3d 472, 474-75 (7th Cir. 2000). Matters of public record include public court documents. *Cancer Found.*, 559 F.3d at 671, n.2; *Henson v. CSC Credit Serv.*, 29 F.3d 280, 284 (7th Cir. 1994).

The plaintiff's motion to strike the criminal docket report, submitted as Exhibit 1 to McGuire's motion to dismiss, is denied. The court has relied on the docket report only to ascertain a basic chronology. The court makes no finding as to whether the content of those docket entries is entirely accurate.

At the hearing, the plaintiff notified the court of his intent to appeal. Accordingly, the Will County Circuit Clerk was ordered to prepare, certify, and transmit the record on appeal and accompanying transcripts relating to the plaintiff's state criminal case.

On September 2, 2008, the circuit clerk transmitted the common law record to the Illinois Appellate Court for the Third District.

On October 3, 2008, the circuit clerk acknowledged that certain items from the common law record had been "removed." The removed items included transcripts from grand jury proceedings and multiple police reports.[2]

On September 23, 2009, the Illinois Appellate Court issued a second order directing the clerk of the circuit court to transmit the record. The circuit clerk submitted a supplemental record to the appellate court but failed to send the removed items.

On November 4, 2009, defendant Bryson, the plaintiff's appellate counsel, informed him that the items he wanted the appellate court to consider were now part of the record on appeal. However, when the plaintiff reviewed the documents, he noted that there was no file-stamp on the documents Bryson had represented to him as having been sent to the appellate court, they were not page-numbered as required by Supreme Court rules, and they were not listed as exhibits in the table of contents. In short, the plaintiff found no proof that the appellate court had in fact received the documents in question.

On November 17, 2009, defendant Bryson filed her brief on behalf of the plaintiff. She failed to mention that items were missing from the common law record. Bryson refused to file a

---

[2]Presumably, the missing documents would prove to be exculpatory in nature, although the plaintiff has not explained their significance.

4

supplement brief concerning the vanished documents, but advised the plaintiff that he could raise the issue in a post-conviction petition.

The trial court denied the plaintiff's ensuing request for certified copies of the absent documents.

On May 7, 2010, the Illinois Appellate Court for the Third District affirmed the plaintiff's convictions but vacated the imposition of the $25,000 in fines and $1,000 in costs. The appellate court found that the trial court had orally ordered only the assessment of costs, and that the written order he had signed outside the plaintiff's presence conflicted with the oral pronouncement. The appellate court ruled that the trial judge's oral ruling controlled; therefore, the $25,000 fine was expunged.

On February 18, 2011, the plaintiff filed a *pro se* post-conviction petition. In Count I of his post-conviction petition, the plaintiff asserted that the Clerk of the Circuit Court had created false minute orders in the docket and failed to provide a complete common law record to the Illinois Appellate Court.

The plaintiff has also brought a civil action in state court against the circuit clerk raising the same, basic claims presented in this case.

On April 15, 2011, the trial court denied the plaintiff's post-conviction petition, holding that the petition was "frivolous and patently without merit and fail[ed] to raise sufficient issues as to law and fact." (Plaintiff's Exhibit 4, to his response to Bryson's motion to dismiss.) The matter is currently on appeal. [The parties do not provide the status of the state civil lawsuit.]

## DISCUSSION

Even accepting the plaintiff's factual allegations as true, the court finds that the complaint fails to states a viable cause of action against either defendant. The facts alleged are inadequate to show state action or conspiracy with a state actor on the part of Bryson; moreover, the court cannot entertain the plaintiff's court access claim unless and until his criminal conviction has been invalidated.

### I. Defendant Bryson Cannot Be Sued in Federal Court Under the Facts Alleged

The court discerns no basis for suit against defendant Bryson in federal court. In order to be liable under 42 U.S.C. § 1983, a defendant must have both (a) acted under color of state law and (b) violated a constitutional right. *Burrell v. City of Mattoon*, 378 F.3d 642, 647 (7th Cir. 2004). Defense attorneys, whether privately retained or public defenders, are not "state actors" and therefore cannot be sued for damages under the Civil Rights Act. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *see also Cornes v. Munoz*, 724 F.2d 61, 63 (7th Cir. 1983) (finding no state action where plaintiff claimed appellate defender had "refused to pursue various issues that appellant wanted argued on appeal"). "[E]ven though the defective performance of defense counsel may cause the trial process to deprive an accused person of his liberty in an unconstitutional manner[], the lawyer who may be responsible for the unconstitutional state action does not himself act under color of state law within the meaning of § 1983." *Briscoe v. LaHue*, 460 U.S. 325, 330 n. 6 (1983).

The plaintiff's conclusory use of the legal buzzword "conspiracy" is insufficient to bring this matter within federal purview. The court recognizes that there is an exception to the private actor rule when a plaintiff alleges and proves a conspiracy with state actors. *Tower v. Glover*, 467

U.S. 914, 923-24 (1984); *see also Logan v. Laterzo*, 24 Fed. Appx. 579, 582 (7th Cir. 2001) (non-precedential opinion). However, in the case at bar, the plaintiff's allegations are insufficient to support a cause of action for conspiracy. "A generalized allegation of conspiracy that fails to identify the timing, scope, and terms of the agreement . . . will not satisfy even the minimal requirements of notice pleading under Fed. R. Civ. P. 8." *Loubser v. Thacker*, 440 F.3d 439, 445 (7th Cir. 2006), *citing Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999). Although for the purposes of a motion to dismiss the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949-1950 (2009).

In *Ashcroft*, the Supreme Court disregarded the respondent's charge that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest." *Ashcroft*, 129 S.Ct. at 1951. The Court concluded that those bare assertions were conclusory and "amount[ed] to nothing more than a "formulaic recitation of the elements of a constitutional discrimination claim." *Ibid.*

Similarly, in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007), the plaintiff's allegation of a "contract, combination or conspiracy to prevent competitive entry" was rejected, the Court deeming it too chimerical to be maintained. "It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth." *Ashcroft*, 129 S.Ct. at 1951.

In the instant case, the plaintiff repeatedly uses the word "conspiracy," but he provides no facts whatsoever to support his characterization of Bryson's actions as conspiratorial in nature.

7

A failure to rectify perceived errors in the record on appeal is not the same as actively engaging in a plan with the Clerk of Court to obstruct meaningful appellate review, as the plaintiff seems to believe. Nothing apart from the plaintiff's say-so suggests a conspiracy between Bryson and McGuire. A complaint's allegations must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007). Here, the circumstances described do not support an inference that the plaintiff's appellate defender for some reason attempted to frustrate the appeal process. The plaintiff has failed to set forth facts indicating how the defendants reached an understanding to deny the plaintiff's constitutional rights. A complaint must state facts, not legal conclusions.

The court discerns no alternative basis for federal jurisdiction, such as the implication of another federal statute or diversity of citizenship between the parties. If the plaintiff wishes to sue Ms. Bryson for negligence, malpractice, breach of fiduciary duty, or any other state tort, he must do so in state court.

In the alternative, to the extent the plaintiff may be seeking to assert ineffective assistance of appellate counsel as a challenge to his criminal conviction, the federal court can consider such a claim only in the context of a petition for a writ of habeas corpus, and only after the petitioner has exhausted state court remedies. *See* 28 U.S.C. § 2254. A prisoner may not contest his criminal conviction by way of a civil rights action. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Nor may the court convert a civil complaint into a habeas petition. *Copus v. City of Edgerton*, 96 F.3d 1038, 1039 (7th Cir. 1996).

8

## II. The Complaint Fails to State an Actionable Claim Against Defendant McGuire

The court cannot consider the plaintiff's claim that defendant McGuire deliberately altered the record or forwarded an incomplete record to the Illinois Appellate Court.

The defendants persuasively suggest that the plaintiff may simply misunderstand the judicial process. In various correspondences the plaintiff has submitted in support of his claims, Bryson attempted to explain to him that discovery materials, grand jury transcripts, and witness reports are not typically filed with the court unless introduced as exhibits, and that the initial transmission of the record included only the court's minute orders. Furthermore, any concerns about the clerk's docketing of the $25,000 fine (which was apparently based on a written court order), were rendered moot when the Illinois Appellate Court vacated the fine. In addition, both the appellate court's order and the IDOC website reflect that the plaintiff was, in fact, convicted of aggravated criminal sexual assault and aggravated criminal sexual abuse. But irrespective of whether McGuire intentionally "altered" the docket or withheld relevant records, the plaintiff cannot establish prejudice.

A plaintiff claiming denial of access to the courts must show "actual injury"–that is, that a state actor hindered the plaintiff's efforts to pursue a nonfrivolous legal claim. *See, e.g., Lewis v. Casey*, 518 U.S. 343, 351-52 (1996); *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006); *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003). In this case, the plaintiff cannot meet his burden without showing that his criminal conviction has been reversed.

In *Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999), an inmate sued correctional officials for violating his constitutional right of access to the courts, claiming that the defendants had stymied his efforts to litigate a post-conviction petition. The Court of Appeals affirmed the district court's

dismissal of the lawsuit on the basis of *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which bars suits for damages on any theory that implies the invalidity of a non-reversed conviction. The Court of Appeals held, "In a case such as *Heck*, where the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard*, 175 F.3d at 534; *see also Nance v. Vieregge*, 147 F.3d 589 (7th Cir. 1998) ("[t]he holding of *Lewis* that a claim based on deprivation of access to the courts requires proof of concrete injury, combined with the holding of *Heck*, means that a prisoner . . . must have the judgment annulled before damages are available"); *Burt v. Walker*, No. 07 C 4284, 2008 WL 4874133, *8 (N.D. Ill. Jul. 24, 2008) (Hibbler, J.) (inmate could not sue correctional officials for the loss or destruction of his legal documents unless and until the underlying conviction was reversed).

In short, the plaintiff would be able to establish that he is entitled to damages for the purported infringement of his access to the courts only if he were able to show that his conviction has been reversed. In the instant case, the plaintiff's criminal convictions have been upheld both on direct appeal and in post-conviction review. Consequently, he cannot show prejudice.

Because the court finds that the plaintiff's claims against McGuire are barred by the rule of *Hoard*, the court has no occasion to reach such questions as whether McGuire is entitled to quasi-judicial immunity, whether the *Younger* abstention doctrine requires a stay of these proceedings pending final disposition of the state process, or whether the rejection of the same claims in post-conviction proceedings precludes relitigation of the matters asserted in this case.

## CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss are granted. Neither defendant Bryson's alleged misrepresentations to the plaintiff, nor her failure to call missing documents to the appellate court's attention can fairly be described as part of a "conspiracy" with the Will County Clerk of Court to impede the plaintiff's appeal. Furthermore, the plaintiff's claim that defendant McGuire somehow obstructed the appeal process is barred by *Heck* and *Hoard, supra.* Accordingly, this suit is dismissed for failure to state a claim upon which relief may be granted.

This dismissal qualifies as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). The plaintiff is warned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. *Id.*

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."

IT IS THEREFORE ORDERED that: (1) the plaintiff's motion to strike Exhibit 1 [#50] is denied; (2) defendant Bryson's and defendant McGuire's motions to dismiss [##24 and 41] are

both granted; and (3) the complaint is dismissed pursuant to Fed. R. Civ. P. 12(b)(6). The case is terminated. This dismissal counts as one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

Enter: *Wm. J. Hibbler*

WILLIAM J. HIBBLER
United States District Judge

Date: 6/22/11