## United States District Court, Northern District of Illinois



| Name of Assigned Judge or Magistrate Judge | WILLIAM J. HIBBLER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 5674 | **DATE** | August 2, 2011 |
| **CASE TITLE** | Ralph Dixon (#R-68485) vs. Pamela J. McGuire, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion to vacate judgment [#61] is denied. The case remains closed. The plaintiff having already filed a notice of appeal, his motion, in the alternative, for an extension of time to appeal [#62] is denied as moot. The clerk is directed to enter final judgment pursuant to the Minute Entry and Memorandum Opinion and Order of June 22, 2011.

■ [For further details see text below.]

Docketing to mail notices.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Clerk of the Will County Circuit Court and an Illinois Appellate Defender, violated the plaintiff's constitutional rights by denying him due process and by interfering with his access to the courts. More specifically, the plaintiff alleges that the Court Clerk deliberately falsified the court's docket, destroyed important evidence in the plaintiff's criminal case, and refused to process his appeal properly. The plaintiff further alleges that his appellate defender conspired with the court clerk and condoned her actions.

By Memorandum Opinion and Order of June 22, 2011, the court granted the defendants' motions to dismiss the complaint for failure to state a claim. The plaintiff's motion to vacate judgment is denied.

The plaintiff points out that his response to the defendants' reply brief crossed in docketing with the court's order of dismissal. However, the plaintiff neither sought nor was granted leave to file a surreply brief. *See* briefing schedules entered March 30, 2011, and April 26, 2011. The court has nevertheless reviewed the plaintiff's surreply and exhibits, but remains satisfied that the complaint was properly dismissed.

The plaintiff's allegations are insufficient to state a plausible "conspiracy" claim against his appellate defender. As discussed more fully in the court's Memorandum Opinion and Order of June 22, 2011, any failure **(CONTINUED)**

mjm

on the part of counsel to rectify perceived errors in the record on appeal is not the same as actively engaging in a "conspiracy" with the Clerk of Court to obstruct meaningful appellate review. The plaintiff may wish to assert ineffective assistance of counsel in any collateral attacks challenging his criminal conviction, but he has no tenable claim against defendant Bryson under 42 U.S.C. § 1983.

The court remains persuaded that the complaint likewise fails to state a claim against defendant McGuire. Again, it would seem that the plaintiff simply misunderstands the judicial process: discovery materials, grand jury transcripts, and witness reports are not typically filed with the court unless introduced at trial as exhibits; furthermore, the Clerk of Court initially transmits only the "short record" on appeal, consisting mostly of the court's minute orders, only later transmitted the long record on appeal. Any concerns about the clerk's docketing of the $25,000 fine (which was apparently based on a written court order), were rendered moot when the Illinois Appellate Court vacated the fine. In addition, both the appellate court's order and the IDOC website reflect that the plaintiff was, in fact, convicted of aggravated criminal sexual assault and aggravated criminal sexual abuse. In addition, irrespective of whether McGuire intentionally "altered" the docket or withheld relevant records, the plaintiff cannot establish prejudice. The plaintiff cannot meet his burden without showing that his criminal conviction has been reversed. *See Hoard v. Reddy*, 175 F.3d 531 (7th Cir. 1999).

For the foregoing reasons, the plaintiff's motion to vacate judgment is denied. Mere disagreements with a district court's legal reasoning are properly expressed by filing an appeal, and not a motion for reconsideration. As the plaintiff has not identified any manifest errors of law or fact, his motion to vacate judgment under Fed. R. Civ. P. 60(b) must fail.

The plaintiff's motion, in the alternative, for an extension of time in which to appeal is denied as moot. The plaintiff filed his notice of appeal on July 22, 2011, within thirty days of the dismissal order.

In reviewing the docket, the court notes that no final judgment was entered pursuant to the court's dismissal. The clerk is directed to correct that omission now. After the dismissal order was entered, and after filing the 60(b) motion, the plaintiff filed a notice of appeal. A notice of appeal before the court enters final judgment is treated as filed "on the date of and after the entry." *See* Fed. R. App. P. 4(a)(2). Moreover, because the plaintiff filed a 60(b) motion within 28 days of the entry of "judgment," the time to file an appeal runs from the entry of the order disposing of that motion. *See* Fed. R. App. P. 4(a)(4)(A)(vi). The plaintiff therefore filed a timely notice of appeal.

*Wm. J. Hibbler*